UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

CYNTHIA MARCISZEWSKI,
   **Plaintiff,**   §
           §
           §
**v.**           §   **Civil Action No.  7:14-CV-00059-O-BL**
           §
           §
**CAROLYN W. COLVIN,**   §
**Commissioner of Social Security,** §
           §
     **Defendant.**   §   **Referred to U.S. Magistrate Judge**

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Cynthia Marciszewski ("Marciszewski") seeks judicial review of the Commissioner of Social Security's decision, which denied her application for a period of supplemental security income payments under Title XVI of the Social Security Act. The United States District Judge referred the case to this court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering all the pleadings, briefs, and administrative record, this court recommends the decision of the Commissioner be affirmed and this case be dismissed.

### I. Statement of the Case

After a hearing on March 13, 2013, Administrative Law Judge Jennie McLean (hereafter "ALJ") issued an unfavorable ruling on October 11, 2013, finding that Marciszewski was disabled, but that Marciszewski's substance abuse disorder was a material factor in the disability determination. As a result, the ALJ found that Marciszewski had not been disabled at any relevant time.

The ALJ applied the five-step sequential analysis found in 20 C.F.R. § 404.1520(a). First, the ALJ determined that Marciszewski had not engaged in substantial gainful activity since her alleged onset of disability, September 1, 2010. Next, the ALJ found that Marciszewski suffered from the following severe impairments: degenerative disc disease of the back, chronic obstructive pulmonary disease, high blood pressure, obesity, substance abuse (active from the claimant's alleged onset date through December 31, 2012), depression, anxiety, and personality disorder. Third, the ALJ determined that Marciszewski's conditions did not meet or equal a listed impairment. Then, the ALJ found that Marciszewski's residual functional capacity ("RFC") allowed her to lift, carry, push, and pull less than ten pounds frequently; lift, carry, push, and pull ten pounds occasionally; sit for six hours in an eight-hour day; and stand/walk for two hours in an eight-hour day. The ALJ found that Marciszewski cannot climb ladders, ropes, or scaffolds; have public contact; or engage in customer service. The ALJ opined that Marciszewski must work in a climate-controlled environment with no concentrated exposure to fumes, dust, odors, or gases. Further, while capable of simple tasks with routine supervision, Marciszewski was found incapable of appropriate interaction with supervisors and coworkers and unable to adapt to work situations. Finally, the ALJ determined that Marciszewski could not perform any of her past relevant work and that her impairments (including the substance abuse disorder through December 31, 2012) prevented her from qualifying for jobs that exist in significant numbers in the national economy. Accordingly, the ALJ ruled that Marciszewski was disabled.

However, 20 C.F.R. §§ 404.1535(a) and 416.935(a) require the ALJ to further "determine whether [claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability." In this case, the ALJ's analysis revealed that, if Marciszewski stopped drinking alcohol and smoking marijuana on December 31, 2012, the resulting RFC would be similar to the original, except that Marciszewski would regain the ability to interact

appropriately with supervisors and coworkers and adapt to work situations. As a result, the ALJ found that Marciszewski could perform unskilled, sedentary work including jobs such as touch-up screener, addresser, and polisher/cleaner found in significant numbers in the national economy. Since the ALJ determined that Marciszewski's substance abuse disorder was material to her initial disability determination, the removal of the substance abuse would result in a finding of not disabled.

The Appeals Council denied review on March 21, 2014. The ALJ's decision is the Commissioner's final decision and is properly before the court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating that the Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review).

## II. Factual Background

Marciszewski filed for disability benefits alleging that depression, posttraumatic stress disorder ("PTSD"), and high blood pressure limited her ability to work. Marciszewski's past relevant work includes mainly part-time jobs as a short-order cook. (Tr. at 17.) Marciszewski last worked in 2008, but her alleged onset of disability date is September 1, 2010.

Marciszewski claims that she is disabled due to chronic back and hip pain, respiratory problems, bladder problems, depression, anxiety, and PTSD. (Tr. at 241-43.) She elaborated that her depression, anxiety, and PTSD originated with the brutal kidnapping and murder of her 15 year old daughter in 2006. *Id.* As stated, the ALJ found that Marciszewski suffered from several severe impairments, including: degenerative disc disease of the back, chronic obstructive pulmonary disease, high blood pressure, obesity, substance abuse (active from the claimant's alleged onset date through December 31, 2012), depression, anxiety, and personality disorder.

(Tr. at 14.) Noticeably absent from that finding is PTSD, which Marciszewski was diagnosed with and treated for continuously beginning on September 18, 2009. (Tr. at 399, 441.)

Marciszewski sought treatment at the Helen Farabee Regional MHMR Center ("MHMR") beginning in September 2009 and continued treatment there beyond the onset date of the alleged disability. (Tr. at 398-419, 480-513, 548-558.) As part of her MHMR treatment, Marciszewski underwent periodic mental status examinations to assess her progress and daily functioning. Most of these MHMR status examinations, when Marciszewski was physically present in the office, documented facts indicating that she was generally pleasant, appropriately dressed, properly groomed, cooperative, polite, candid, spontaneous, able to reason, and had appropriate affective expression. *Id.*

On December 9, 2010, Marciszewski met with Leon Morris, Ed.D., for a consultative mental evaluation. (Tr. at 420.) Dr. Morris found Marciszewski to be appropriately groomed and dressed and generally pleasant. *Id.* Marciszewski relayed her difficulty in maintaining a job due to her irritability and "having trouble dealing with people." *Id.* Marciszewski reported to Dr. Morris that she had used marijuana daily since age nine and that she consumes three to six beers a day. (Tr. at 421.) However, Marciszewski denied having a "drinking problem." *Id.* Dr. Morris reported that he believed that Marciszewski was overstating her symptoms regarding depression and other mental disorders and that his testing suggested signs of malingering. (Tr. at 422.) Dr. Morris concluded that Marciszewski's "ability to reason and to make occupational, personal, and social adjustments appeared to be adequate for many types of employment." (Tr. at 423.) Finally, Dr. Morris diagnosed Marciszewski with cannabis dependence and personality disorder, not otherwise specified. *Id.*

On December 21, 2010, Marciszewski met with Dr. Jerome Adams, M.D., for a consultative physical evaluation. (Tr. at 426.) Dr. Adams diagnosed Marciszewski with mild to

moderate chronic obstructive pulmonary disease ("COPD"), mild to moderate osteoarthritis, degenerative disc disease, and hypertension. (Tr. at 429.)

On February 2, 2011, Dr. Mark Boulos, M.D., completed a Psychiatric Review Technique Form ("PRTF") upon review of the medical evidence of record in Marciszewski's case. (Tr. at 436.) Dr. Boulos ultimately concluded that Marciszewski did suffer from major depressive disorder, PTSD, personality disorder (not otherwise specified), and cannabis dependence. (Tr. at 436-44.) However, Dr. Boulos opined that each of these impairments caused only mild limitations on Marciszewski's daily activities, social functioning, and maintenance of concentration, persistence, and pace. (Tr. at 446.) Dr. Boulos further found that Marciszewski's impairments caused no episodes of decompensation. *Id.*

On February 23, 2011, Marciszewski saw Dr. Kelvin Samaratunga, M.D., for a physical RFC examination. (Tr. at 450.) Dr. Samaratunga's findings virtually mirror the physical limitations presented at the hearing by the ALJ. (Tr. 16, 450-56.) Dr. Samaratunga did observe that "most limitations note are related to mental impairment, [claimant] notes no physical limitations . . . ." (Tr. at 457.)

### III. Standard of Review

A person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A) and 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-

(b) (2012). To evaluate a disability claim, the Commissioner employs the following five-step sequential analysis to determine:

> 1) whether the claimant is presently engaging in substantial gainful activity, 2) whether the claimant has a severe impairment, 3) whether the impairment is listed, or equivalent to an impairment listed in appendix I of the regulations, 4) whether the impairment prevents the claimant from doing past relevant work, and 5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Leggett v. Chater*, 67 F.3d 558, 564 n. 2 (5th Cir. 1995); *see also* 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). "The claimant bears the burden of showing [she] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart,* 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1) and 416.945(a)(1).

In 1996, Congress enacted the Contract with America Advancement Act ("CAAA") which eliminated drug and alcohol abuse ("DAA") as a basis for awarding disability benefits. *Brown v. Apfel*, 192 F.3d 492, 494 (5th Cir. 1999). CAAA prohibits the Commissioner from awarding benefits to a disabled person if drug addiction or alcoholism would be "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). If a claimant is found disabled and there is medical evidence of DAA, the social security regulations provide for an evaluation process to determine the materiality of the alleged DAA. *See* 20 C.F.R. §§ 404.1535(b) and 416.935. At issue in this process is whether the Commissioner would still find the claimant disabled if she stopped using drugs or alcohol. *Id.* §§ 404.1535(b)(1) and 416.935(b)(1). This requires the Commissioner to first evaluate which

physical and mental limitations would remain should the claimant discontinue her drug and alcohol use and then determine whether any remaining limitations would be disabling. *Id.* §§ 404.1535(b)(2) and 416.935(b)(2). Whether DAA is a contributing factor material to the disability determination hinges on whether the remaining limitations, after ceasing the drug and alcohol use, are sufficient, by themselves, to support a finding of disability. *See Snodgrass v. Colvin,* No. 11-CV-0219-P, 2013 U.S. Dist. LEXIS 114617, 2013 WL 4223640, at *2 (N.D. Tex. Aug. 13, 2013) (citing 20 C.F.R. §§ 404.1535(b)(2)(i)-(ii) and 416.935(b)(2)(i)-(ii)). If the remaining limitations are not disabling, the claimant's DAA is a material factor to the disability determination and an award of benefits is not appropriate. 20 C.F.R. §§ 404.1535(b)(2)(i) and 416.935(b)(2)(i). If, however, the remaining limitations are disabling, then DAA is not a material factor and the claimant is entitled to benefits because she is disabled independent of DAA. 20 C.F.R. §§ 404.1535(b)(2)(ii) and 416.935(b)(2)(ii). The claimant "bears the burden of proving that drug or alcohol addiction is not a contributing factor material to [her] disability." *Brown,* 192 F.3d at 498. Accordingly, multiple circuits, including the Fifth Circuit, have held that claimants should be afforded an opportunity to present evidence as to whether their disability would remain in the absence of DAA. *See Brown* at 499; *Sousa v. Callahan,* 143 F.3d 1240, 1246 (9th Cir. 1998).

This court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart,* 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala,* 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson,* 309 F.3d at 272; *Watson v. Barnhart,* 288 F.3d 212, 215 (5th Cir. 2002). If

substantial evidence supports the Commissioner's findings, then the findings are conclusive and the court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "'[c]onflicts in the evidence are for the Commissioner and not the courts to resolve.'" *Id.* (quoting *Newton*, 209 F.3d at 452).

### IV. Discussion

Marciszewski now appeals the Commissioner's determination on the basis that the ALJ failed to consider her PTSD diagnosis when conducting her disability analysis. (Pl.'s Br. at 5.) Further, Marciszewski alleges that the ALJ erred by, first, determining that Marciszewski had a substance abuse problem, and, second, analyzing whether that problem had a material impact on her disability determination. *Id.*

### A. The ALJ appeared to fully encompass the PTSD diagnosis into the disability determination.

In her brief, Marciszewski claims that the ALJ "erred as a matter of law and fact in failing to analyze plaintiff's" PTSD. (Pl.'s Br. at 5.) Marciszewski's argument centers on the fact that she had twice been diagnosed with PTSD and that the ALJ disregarded the diagnosis when making her disability assessment. *Id.* Marciszewski claims that her PTSD is a medically determinable impairment and that the ALJ should have considered the diagnosis when assessing her ability to work. *Id.*

The Commissioner, in her brief, concedes the fact that the ALJ failed to make a specific ruling on Marciszewski's PTSD diagnosis, but claims that this amounts to harmless error. (Def.'s Resp. Br. at 5.) The Commissioner further argues that Marciszewski failed to demonstrate how

she was prejudiced by this omission and that the ALJ did in fact consider the PTSD diagnosis, even in the absence of formal documentation. *Id.*

### 1.   The ALJ extensively documented her awareness of Marciszewski's PTSD.

"Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). Marciszewski contends that the ALJ only mentioned her PTSD diagnosis once in the decision. (Pl.'s Br. at 5.) That is simply not correct. It is true that the ALJ did not make a specific finding regarding PTSD as a medically determinable impairment, and, beyond that, did not determine the severity of Marciszewski's PTSD. (Tr. at 14.) However, there are at least six references to Marciszewski's PTSD or PTSD related Listings in the ALJ's opinion alone. (Tr. at 15-19.)

The ALJ first referenced PTSD when relaying that Marciszewski's mental impairments "do not meet listings 12.04, 12.06, 12.08, or 12.09." (Tr. at 15.) Posttraumatic Stress Disorder is categorized as an anxiety disorder in the DSM-IV-TR[1] and 20 C.F.R. § 404, Subpt. P., App. 1, § 12.06. Specifically, anxiety disorders are addressed under § 12.06 of the listings. 20 C.F.R. § 404, Subpt. P., App. 1. As noted above, the ALJ assessed Marciszewski's conditions regarding anxiety disorders, which would include PTSD under § 12.06, and concluded that none of Marciszewski's impairments met the listings under that section. (Tr. at 15.)

Next, the ALJ specifically recounted Marciszewski's testimony from the hearing regarding her "depression, a personality disorder, anxiety, and *posttraumatic stress disorder*." (Tr. at 16) (emphasis added). Then, the ALJ summarized the contents of an undated Disability Report-Adult in which Marciszewski claimed that she was disabled due to "depression, *posttraumatic stress disorder*, and high blood pressure." *Id.* (emphasis added). Subsequently, the ALJ documented her review of Marciszewski's claims listed in an undated Disability Report-

---

[1] Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders-Text Revision 463 (4th ed. 2000).

Appeal. (Tr. at 17.) This report included Marciszewski statement "that she has *posttraumatic stress disorder* related to the murder of her teenage daughter, including a dislike [of] black people, flashbacks, nightmares, feelings of guilt, and frequent crying spells." *Id.* (emphasis added). Next, the ALJ completed another analysis of Marciszewski's conditions under the listings, subsequent to the DAA materiality consideration, and concluded that none of Marciszewski's conditions met the listings, including anxiety disorders at § 12.06. (Tr. at 18.)

Finally, the ALJ documented her awareness of Marciszewski's PTSD diagnosis when providing support for the final RFC. (Tr. at 19.) The ALJ wrote:

> In support of the foregoing finding regarding the claimant's residual functioning capacity, the undersigned notes that the claimant's medical history is positive for hypertension; a major depressive disorder, recurrent, severe without psychotic features; *posttraumatic stress disorder*; a personality disorder not otherwise specified with borderline traits; and back spasms.

(Tr. at 19) (emphasis added) (citations omitted). This information clearly indicates that the ALJ factored in Marciszewski's PTSD diagnosis when developing the final RFC to determine if DAA was material to Marciszewski's disability.

## 2. Marciszewski failed to show that she was prejudiced by the ALJ's decision.

Beyond demonstrating that the ALJ simply failed to list PTSD as a medically determinable impairment, the burden is on Marciszewski to show that she was harmed by this error. *See Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012) ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error."). Procedural errors will "constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). "To establish prejudice, a claimant must show that he 'could and would have adduced evidence that might have altered the result.'" *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)).

Marciszewski offers no explanation regarding any prejudice that she suffered as a result of the ALJ failing to list PTSD as a medically determinable impairment. In fact, Marciszewski's brief simply makes no reference to any harm caused by this omission. (Pl.'s Br. at 5.) The only paragraph that could be construed as an argument for harm reads, in its entirety, "While the ALJ mentions this condition once in the decision, there is no finding on whether Plaintiff's PTSD in [sic] a medically determinable impairment, whether it is or is not severe, and what affect it may have on Plaintiff's ability to work." *Id.* Marciszewski never indicates any additional limitations that her PTSD would have on the RFC, nor does she identify any evidence in the record that would alter the RFC as determined by the ALJ. In fact, the Commissioner's response brief thoroughly addresses the issue and urges the court to hold the error harmless, but Marciszewski's reply brief fails to even address the PTSD issue. Marciszewski's merely raising the issue in her initial brief certainly falls short of the *Brock* standard requiring the claimant to produce evidence that could and would persuade the court of the prospect of a different outcome. *Brock* at 728.

The Court finds that the ALJ did fail to specifically address PTSD as a medically determinable impairment, but that this omission was harmless error. It is clear from the record that the ALJ extensively considered all of Marciszewski's medical conditions, including PTSD, when compiling the RFC, but, beyond that, Marciszewski never demonstrated that she was prejudiced by the omitted impairment.

## B. The ALJ properly considered Marciszewski's drug and alcohol abuse when analyzing her disability claims.

Marciszewski appeals the ALJ's finding that she was disabled due to her medical impairments, but, in the absence of DAA, she would not disabled. First, Marciszewski quarrels with the ALJ's finding that Marciszewski has a substance abuse problem. (Pl.'s Br. at 2.) Then,

in light of that finding, Marciszewski claims that the ALJ erred when determining that Marciszewski's disabilities would cease in the absence of substance abuse. *Id.*

### 1.  Substantial evidence supports the ALJ's substance abuse disorder finding.

As stated, the CAAA prohibits the Commissioner from awarding benefits to a disabled person if drug addiction or alcoholism would be "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The key question is whether the claimant would remain disabled if she stopped using drugs or alcohol. *Id.* §§ 404.1535(b)(1) and 416.935(b)(1). The Commissioner must evaluate the remaining physical and mental limitations and then determine whether any remaining limitations would be disabling. *Id.* §§ 404.1535(b)(2) and 416.935(b)(2). If the remaining limitations are not disabling, the claimant's DAA is a material factor to the disability determination and an award of benefits is not appropriate. 20 C.F.R. §§ 404.1535(b)(2)(i) and 416.935(b)(2)(i). If, however, the remaining limitations are disabling, then DAA is not a material factor and the claimant is entitled to benefits. 20 C.F.R. §§ 404.1535(b)(2)(ii) and 416.935(b)(2)(ii). Finally, the claimant "bears the burden of proving that drug or alcohol addiction is not a contributing factor material to [her] disability." *Brown*, 192 F.3d at 498.

Marciszewski claims that the ALJ erred by equating mere alcohol use with "alcoholism" and marijuana use with "drug addiction". (Pl.'s Br. at 6.) Marciszewski cites the following exchange with the ALJ at the hearing as support for this position:

> Q Mm-hmm. All right. What about the alcohol? Alcohol includes beer and wine. How much alcohol are you drinking, currently?
>
> A I'm not [sic] longer drinking either.
>
> Q All right. And when's the last time you've had an alcoholic beverage?

A December 31st, New Year's Eve.

Q Of what year, ma'am?

A 2012, 13, New Year's.

Q Okay. This is March of 2013. When did you last use alcohol?

A December 31st, 2012

(Pl.'s Br. at 6-7.) Then, Marciszewski erroneously asserts that "The ALJ posed no other questions of Plaintiff in the hearing regarding the extent of her alcohol use, revealing a fatally flawed assumption that alcohol use is synonymous with alcoholism . . . ." *Id.* at 7. In reviewing Marciszewski's brief, she would have this Court believe that the ALJ halted all questioning about DAA after the above-referenced exchange. However, Marciszewski failed to include the following exchange from the same hearing:

Q I'm looking at the evidence in your file and it says you use marijuana every day. Are you using marijuana every day?

A No, ma'am.

Q And when did you stop using marijuana every day?

A Back in November.

Q Of what year, ma'am?

A 2012.

Q So, how much do you – how much marijuana do you currently use?

A I do not.

Q Are you attending any kind of . . . in or outpatient rehabilitation for substance abuse?

A No, ma'am.

Q Are you attending any kind of support group like N.A. or A.A.?

A No. ma'am.

> **Q** Okay. And are you attending any kind of in or outpatient rehabilitation for alcohol?
>
> **A** No, ma'am.

(Tr. at 51-52.) While this excerpt of the exchange focuses mainly on marijuana, the ALJ did question Marciszewski about rehabilitation efforts for both alcohol and substance abuse. Marciszewski's contention that this limited questioning served as the basis for the ALJ's determination that she suffered from substance abuse disorder is also misplaced.

The CAAA requires that the Commissioner base her DAA determination on medical evidence. *See* 20 C.F.R. §§ 404.1535(b) and 416.935. In her initial brief, Marciszewski claims that there is no medical evidence to support the ALJ's findings of DAA. (Tr. at 7.) Marciszewski cites *Oettinger v. Barnhart*[2] for the proposition that a non-examining medical expert's opinion and the claimant's statements alone are insufficient "medical evidence" to support a finding of DAA. (Pl.'s Br. at 8.) Marciszewski asserts, "In the present case, the ALJ appears to rely only on the testimony of the Plaintiff, erring as a matter of law." *Id.* Unlike *Oettinger*, the ALJ in this case did not rely solely on the claimant's testimony to determine DAA materiality. On the contrary, the ALJ documented her reliance Dr. Leon Morris' report diagnosing Marciszewski with "cannabis dependence" at Axis I. (Tr. at 17, 423.) Dr. Morris, an examining medical expert, met with and evaluated Marciszewski on December 9, 2010. (Tr. at 420.) During that interview Marciszewski divulged to Dr. Morris that she had used marijuana daily since age nine and had tried other drugs. (Tr. at 421.) Further, Marciszewski told Dr. Morris that she drinks three to six beers a day. *Id.* Dr. Mark Boulos, a non-examining physician, also confirmed Marciszewski's cannabis dependence when completing his Psychiatric Review Technique on February 2, 2011. (Tr. at 444.)

---

[2] *Oettinger v. Barnhart*, No. CV-SA-01-CA-0801 OG (NN), 2002 U.S. Dist. LEXIS 21277, at *24 (W.D. Tex. Sept. 4, 2002).

In response to Marciszewski's first DAA argument, the Court finds that there is sufficient medical evidence to support the ALJ's finding that Marciszewski suffered from a substance abuse disorder. Accordingly, the next inquiry focuses on whether Marciszewski's disability would remain in the absence of DAA. *See* 20 C.F.R. §§ 404.1535(b) and 416.935.

### 2. The ALJ properly considered Marciszewski's remaining impairments absent DAA.

Marciszewski alleges that "The ALJ cites no objective medical evidence that Plaintiff would not be disabled in the absence of substance abuse . . . ." (Pl.'s Br. at 7.) Marciszewski is correct that the ALJ does not explicitly quote any medical source that pronounces Marciszewski's disabilities lifted after ceasing the use of drugs and alcohol. However, The ALJ repeatedly cites numerous mental status examinations for justification that Marciszewski is not disabled when substance abuse is considered. (Tr. at 19-21.)

The ALJ's initial RFC declared that Marciszewski was incapable of appropriately interacting with supervisors and coworkers or adapting to work situations. (Tr. at 16.) However, when DAA was considered, the ALJ reasoned—in the second RFC—that Marciszewski is capable of appropriate interaction with supervisors and coworkers and able to adapt to work situations. (Tr. at 19.) In support of the RFC alteration, the ALJ repeatedly recites excerpts from the record which detail Marciszewski's abilities to prepare meals, do laundry, and shop. (Tr. at 19.) The ALJ notes that Marciszewski has "no limitations on lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, talking, stair climbing, seeing, following instructions, and using the hands." *Id.* Further, and most importantly, the ALJ continuously documented Marciszewski's punctuality; pleasant, candid and cooperative demeanor; appropriate affect; spontaneous and coherent thought-content; and the ability to dress and groom appropriately. (Tr. at 19-21.) While not expressly stated, the ALJ seems to reason that when not

15

under the influence of drugs or alcohol Marciszewski has exhibited the ability to conform her conduct such that she can interact appropriately with others. This would account for the change in the second RFC which finds that Marciszewski would be able to interact appropriately. Put another way, the ALJ cited Marciszewski's medical records from September 17, 2010 through March 12, 2013, and concluded that Marciszewski never had a problem interacting with people throughout her disability application process. *Id.* After assessing Marciszewski's remaining impairments after DAA is removed, the ALJ found that none of the remaining impairments would be disabling. (Tr. at 22.)

Finally, Marciszewski bears the burden of proving that her DAA is not a material factor to her disability determination. *See Brown*, 192 F.3d at 498. Rather than attempt to meet this burden, Marciszewski focuses her arguments on the ALJ's perceived lack of evidence to support her DAA decision. (Pl.'s Br. at 7.) Marciszewski fails to offer any evidence that she would remain disabled in the absence of DAA; instead alleging that the ALJ erred by even determining that Marciszewski had a substance abuse problem. (Pl.'s Br. at 8.) Marciszewski had opportunities at the hearing and through her brief and reply brief to offer evidence concerning the immateriality of DAA to her disability. Accordingly, the Court finds that Marciszewski failed to carry her burden by not offering compelling arguments that would lead the Court to believe that she would remain disabled if she halted her substance abuse.

The Court finds that that the ALJ properly assessed the materiality of DAA on Marciszewski's disability. The ALJ determined that Marciszewski suffered from a substance abuse disorder and, having so determined, concluded that Marciszewski's remaining impairments would not be disabling if the substance abuse were halted. *Id.*

## V. Conclusion

For the foregoing reasons, it is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this /7*M* day of July, 2015.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**